[No. 3,491.]

## THE CENTRAL PACIFIC RAILROAD COMPANY *v.* C. ROBINSON.

SELECTION OF LIEU LAND.—A selection of land, as lieu land, in place of the sixteenth and thirty-sixth sections granted to this State, made before the land selected has been surveyed by the United States, is unauthorized and void.

PRACTICE ON REVERSAL OF JUDGMENT.—If a judgment was rendered before the passage of the Code of Civil Procedure, and there was no finding of facts or agreed statement of facts, the Supreme Court, on reversing the judgment, will not direct a judgment to be rendered in favor of the losing party.

ACT OF CONGRESS OF JULY 23, 1866, CONCERNING STATE LANDS.—The Act of Congress of July 23, 1866, confirming selections of public land made by or on behalf of this State under grants of Congress, which selections were void when the Act passed, did not have the effect of confirming the title of the State to a selection of an odd section within the belt granted by Congress to the Central Pacific Railroad Company of California, by the Acts of July 1, 1862, and July 2, 1864.

LAND GRANT TO CENTRAL PACIFIC RAILROAD COMPANY.—The odd sections of land included within the boundaries of a rejected Mexican grant which was rejected after the passage of the Acts of Congress of July 1, 1862, and July 2, 1864, granting land in aid of the construction of the Central Pacific Railroad Company of California, passed, by said Acts, to the railroad company, and the State, after the passage of said Acts, could not select such sections as lieu lands.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover the south-east quarter of section thirty-five, township three north, range six east, Mount Diablo base and meridian. The land was surveyed, and the

plat filed in the United States Land Office, at Stockton, October, 1865. The United States issued to the Western Pacific Railroad Company a patent for the land, on the 9th day of April, 1870. The plaintiff had succeeded to the title acquired by said company. The action was commenced July 26, 1871. The defendant had judgment, and the plaintiff appealed.

The other facts are stated in the opinion, and in *C. P. R. R. Co.* v. *Yolland, ante* p. 438.

*J. M. Coats* and *Tully R. Wise,* for the Appellant.

*D. S. Terry,* for the Respondent.

The first section of the "Act to quiet land titles in California," provides, "That in all cases where the State of California has heretofore made selections of any portion of the public domain, in part satisfaction of any grant made to said State by any Act of Congress, and has disposed of the same to purchasers in good faith under her laws, the lands so selected shall be, and hereby are, confirmed to said State; provided, that no selection made by said State, contrary to existing laws, shall be confirmed by this Act, for lands to which any adverse pre-emption, homestead or other right has, at the date of the passage of this Act, been acquired by any settler, under the laws of the United States, or to any lands which have been reserved for naval, military or Indian purposes, by the United States, or to any mineral land, or to any land held or claimed under any valid Mexican or Spanish grant, or to any land which, at the time of the passage of this Act, was included within the limits of any city, town or village, or within the County of San Francisco." (2 Lester's Land Laws, page 180.)

The land in controversy is not within any of the exceptions mentioned in the section just quoted, and whatever title the United States had at the date of its passage passed to the State of California. (*Megerle* v. *Ashe,* 27 Cal. 322; *Bludworth* v. *Lake,* 31 Cal. 255; *Rutherford* v. *Green's Heirs,* 2 Wheat. 196.)

By the Court, RHODES, J.:

The evidence upon which the plaintiff relies to prove title is the same as that which was introduced in C. P. R. R. Co. v. Yolland, ante p. 438. The plat of the survey of the township was returned to the proper Land Office on the 18th day of October, 1865. The land in controversy is within the exterior limits of the alleged grant of "Los Moquelumnes," the claim to which was finally rejected in 1865.

The defendant has lived upon the land for more than twenty years. In 1862 he purchased the land from this State as lieu land—land selected in lieu of an equivalent portion of a sixteenth or thirty-sixth section—paid the requisite sum of money and has since paid the annual interest on the remainder of the purchase-money up to January, 1872. The State selected the land for the defendant as lieu land in 1871; and in October of that year the United States listed the land to the State.

The selection of the land by the defendant in 1862 was, as this Court has often decided, unauthorized and void, because the land at that time had not been surveyed by the United States.

The selection of the lands by the State in 1871, and the listing of it by the United States to this State was subsequent to the issuing of the patent under which the plaintiff claims title; and that patent conveyed the title, if the lands were not excepted from the grant to the railroad company, by reason of their being within the exterior limits of an alleged Mexican grant, the claim to which was afterwards, but before the issuing of the patent, rejected by the Supreme Court of the United States.

Upon the authority of the C. P. R. R. Co. v. Yolland, ante p. 438, we hold that the lands were not excepted from the operation of the Acts of Congress of July 1, 1862, and July 2, 1864, ganting lands to aid in the construction of the railroad.

As no right or title in or to the lands appears to have vested in either the State or the defendant prior to the passage of the Act of July 2, 1864, it is obvious that neither the

Act of July 23, 1866, to quiet land titles in California, nor any proceedings taken under the Act, could defeat or impair the grant to the railroad company—that is to say, assuming that the lands in controversy are a portion of the lands to which the grant made by the Acts of July 1, 1862, and July 2, 1864, extended. The Act of July 23, 1866, by providing for the confirmation of certain selections of land by, or in behalf of the State, which were void when the Act passed, did not have the effect to impair the grant to the railroad company.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice McKINSTRY did not express an opinion.